UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTWANE N. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18 CV 1661 CDP |
| | ) |
| JEFF NORMAN, et al., | ) |
| | ) |
| Respondents. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court, *sua sponte*, upon review of the file.

A jury in the Circuit Court of the City of St. Louis, Missouri, convicted petitioner Antwane N. Johnson of one count of burglary in the first degree, three counts of robbery in the first degree, and four counts of armed criminal action. *See State v. Johnson*, 479 S.W.3d 736 (Mo. Ct. App. 2016). The court sentenced Johnson to four concurrent 25-year sentences on the burglary and robbery counts, to be followed consecutively by four concurrent 15-year sentences for the four armed criminal action counts. Johnson is serving his sentences at the South Central Correctional Center. Because Johnson is serving consecutive sentences, Missouri Attorney General Eric Schmitt is added to this case as a proper party respondent.

This action is before me on Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Johnson raises four claims for relief:

(1) that delays in bringing his case to trial violated the Interstate Agreement on Detainers (IAD), which in turn resulted in a violation of his right to a speedy trial under the Sixth Amendment as well as his right to due process; (2) that the trial court plainly erred by admitting evidence of his statement to police; (3) that he received ineffective assistance of counsel for not objecting to the prosecutor's argument at sentencing; and (4) that the sentencing court improperly imposed a sentence that exceeded the prosecution's recommendation. Respondents responded to the claims, and Johnson filed a traverse.[1]

In their response to the claim raised in Ground 1, respondents address only that aspect of the claim that alleged a violation of the IAD, arguing that such a claim is not cognizable in a federal habeas corpus proceeding. Respondents do not address Johnson's related constitutional claims. While a violation of the IAD and/or Missouri's speedy trial law, "without more," is not cognizable in habeas and does not justify relief under § 2254, habeas relief may be granted if a petitioner makes a separate showing that the Sixth Amendment speedy trial requirement has been violated. *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (question of whether state violated its own speedy trial statute is matter for state courts).

Here, in addition to the IAD claim, Johnson raises Sixth Amendment and other constitutional claims in Ground 1 of his petition. And in his traverse,

---

[1] In his traverse, Johnson voluntary withdraws his second ground for relief. (ECF 15 at p. 6.)

Johnson expounds on his IAD claim and continues to argue that he was denied his rights to a speedy trial and to due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. But the record is silent as to the respondents' position on these constitutional claims. Before addressing a possible defense to a habeas claim *sua sponte*, I must give the parties fair notice and an opportunity to present their positions. *Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014). I will therefore order respondents to address the constitutional aspects of the claim raised in Ground 1 of Johnson's petition, and Johnson will be permitted to file a traverse thereafter. Briefing on any other claim will not be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that, not later than **April 10, 2019**, respondents shall file a supplemental response addressing the constitutional aspects of the claim raised in Ground 1 of petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. Any traverse shall be filed no later than **May 1, 2019**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2019.