UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTWANE N. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. 4:18 CV 1661 CDP |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

A jury in the Circuit Court of the City of St. Louis, Missouri convicted petitioner Antwane N. Johnson of crimes arising from an armed home invasion that Johnson committed with another person; the other person died during the crime. The jury convicted Johnson of one count of burglary in the first degree, three counts of robbery in the first degree, and four counts of armed criminal action, but acquitted him on a charge of felony murder and an associated charge of Armed Criminal Action. The court sentenced Johnson to four concurrent 25-year sentences on the burglary and robbery counts, to be followed consecutively by four concurrent 15-year sentences for the armed criminal action counts. The convictions and sentence were affirmed on appeal. *State v. Johnson*, 479 S.W.3d 736 (Mo. Ct. App. 2016) (unreported Memorandum at Resp. Exh. 8, ECF 8-8). Johnson filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which was denied

after an evidentiary hearing. That denial was also affirmed on appeal. *Johnson v. State,* 552 S.W.3d 768 (Mo. Ct. App. 2018).

This matter is before me on Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow I will deny Johnson's petition.

**Background**

In affirming the denial of post-conviction relief, the Missouri Court of Appeals described the facts and procedural history as follows:

> On May 16, 2012 Movant [Johnson], who was armed with a knife, and Jerome Burse (Burse), who was armed with a .38 caliber revolver, entered a home in the City of St. Louis that Hakeem Grant (Grant), his girlfriend Jasmine Hopkins, their seven month-old daughter Z.G., Kiana Miller (Miller), Lamonica Ruff (Ms. Ruff), and John Darryl Ruff all occupied. Grant testified that around 2:30 p.m. he heard his daughter and Miller screaming, and he saw a man armed with a gun holding Miller—who was carrying the baby—in a headlock. Movant gathered all the people in the home into the front room where he and Burse demanded money and jewelry at gunpoint, including the rings from Ms. Ruff's fingers, all of which Movant collected. Movant then held a knife to Ms. Ruff's throat and threatened to cut her throat if the people in the home did not give Movant more money. At this point, Grant drew a .40 caliber pistol from the couch and began shooting at Movant and Burse, striking them both. Grant and Burse continued to shoot at each other as Burse ran away; Burse died from these multiple gunshot injuries. The State charged Movant with: (1) second-degree felony murder for Burse's death, (2) ACA, (3) first-degree burglary, (4) ACA, (5) first-degree robbery, (6) ACA, (7) first-degree robbery, (8) ACA, (9) first-degree robbery, and (10) ACA. The jury convicted Movant of counts 3-10, but acquitted Movant of felony murder and the associated ACA charge.

At the sentencing hearing, the State argued that Johnson's crime was "a little bit more than ... what a normal robbery case would involve" specifically pointing out that Burse died during the course of the robbery. The State argued that even though the jury did not convict Movant of felony murder, Burse's death was an "aggravating factor" that the sentencing court should take into account in determining Movant's sentence. The State also argued that the sentencing court should consider Movant's failure to accept responsibility for the crimes in determining the proper sentence, as evidenced by the "three or four-day" trial. The State then noted Movant's four prior convictions and requested a sentence of twenty-five years, arguing, "[t]his was a violent home invasion, and I think a violent home invasion deserves an appropriate sentence."

Movant's trial counsel countered that Johnson had always accepted responsibility for the burglary and robbery but "went to trial specifically because there was no way to negotiate the murder charge out of the ten charges." Movant's counsel requested a sentence at the lower end of the sentencing range, noting that while Movant had prior convictions, they were for nonviolent offenses. Movant addressed the court, expressing his remorse both for the crime and for the pain that Burse's family experienced, and he stated he went to trial "to prove [his] innocence of murder."

In announcing its sentence, the sentencing court recognized that "certainly the jury found [Movant] not guilty of the murder" but noted the physical and psychological injuries that resulted from "going into someone's house and holding them up," including that Burse was killed. The sentencing court again noted that the jury did not find Movant guilty of felony murder, which the court "accept[ed]," but the court stated the jury found Movant guilty of the other charges and "judgment needs to be entered accordingly." The court then sentenced Movant as a prior and persistent offender to concurrent terms of twenty-five years on both the robbery and burglary charges, and to fifteen years each on all ACA charges, concurrent to each other, but consecutive to the robbery and burglary charges, for a total sentence of forty years in the Missouri Department of Corrections. This Missouri Court of Appeals

affirmed Movant's conviction and sentence on appeal. *State v. Johnson*, 479 S.W.3d 736 (Mo. App. E.D. 2016).

Movant filed a timely Rule 29.15 motion. In his amended motion, Movant asserted that his trial counsel was ineffective for failing to object to the State's statements at sentencing suggesting Movant's sentence be enhanced for exercising his right to go to trial and for the felony murder charge despite the acquittal, and for failing to object to the sentence itself; and that the sentencing court abused its discretion in enhancing Movant's sentence based on the acquitted felony murder and ACA charges.

After an evidentiary hearing on the motion, the motion court denied Movant's request for relief under Rule 29.15, finding the record did not show the sentencing court either punished Movant for having a trial or sentenced Movant for the acquitted charges. Rather, the motion court stated the sentencing court sentenced Movant based on the "egregious nature of the offenses and the jury's verdicts in this matter." The motion court further noted any objection by trial counsel on these grounds "would not have mattered in the sentencing hearing." Moreover, the motion court found the sentence was "a fair and just sentence based solely on the facts and circumstances as the jury found them in its guilty verdicts."

*Johnson v. State*, 552 S.W.3d 768, 770-72 (Mo. Ct. App. 2018) (footnote omitted).

**Grounds Raised**

In his petition for writ of habeas corpus, Johnson raises three[1] grounds for relief:

1. Delays in bringing his case to trial violated the Interstate Agreement on Detainers as well as his rights guaranteed by the Fifth, Sixth, Eighth and

---

[1] Johnson initially brought an additional claim (originally designated as ground 2) but in his traverse he withdrew that claim. ECF 15 at p. 6.

4

> Fourteenth Amendments to the United States Constitution.

2. Trial counsel was ineffective for failing to object to the prosecutor's sentencing arguments that Johnson should be punished for the felony murder on which he was acquitted; and

3. The trial court's sentence violated his Fifth, Sixth, and Fourteenth Amendment rights because the court sentenced him to fifteen years above the prosecutor's recommendation and because the court considered the felony murder on which he was acquitted.

**Standard of Review**

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). When a prisoner has gone through all stages of direct appeal and post-conviction proceedings without presenting a claim to the state courts, that claim is procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). This means that a federal habeas court cannot hear the claim unless the prisoner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or...that failure to consider the claim [ ] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause, he must show that "some objective factor external

to the defense" impeded his efforts to present the claim to the state courts. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner must demonstrate that the identified errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Where a state court has adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 380-83 (2000).

A federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). A habeas petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for

6

fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). State court findings of basic, primary, or historical facts are entitled to a presumption of correctness, which may only be rebutted by clear and convincing evidence. *Miller–El v. Cockrell,* 537 U.S. 322, 340 (2003).

**Ground One: Violation of Interstate Agreement on Detainers**

Johnson argues that his rights under the Interstate Agreement on Detainers (IAD) were violated because it allegedly took more than 120 days, not attributable to his defense, to bring him to trial. In his petition Johnson summarily asserts that "This unlawful action violates Petitioner's rights guaranteed by the 5th, 6th, 8th and 14th Amendments to the U.S. Constitution." Both the trial court and the Missouri Court of Appeals rejected Johnson's claim that the IAD had been violated.

The Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, is a compact among 48 states, the District of Columbia, and the Federal Government. Its adoption in Missouri is reflected in Mo. Rev. Stat § 217.490, *et seq*. The IAD allows a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him on criminal charges.[2] IAD Article V(c) states that

---

[2] The IAD applied because Johnson had been incarcerated in Illinois at the time the charges in this case were filed. ECF 8-8 at p. 3.

7

when trial does not occur within the time prescribed, the charges shall be dismissed with prejudice. *Reed v. Farley*, 512 U.S. 339, 341 (1994). Article IV(c) of the IAD provides that trial of a transferred prisoner 'shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, . . . the court having jurisdiction of the matter may grant any necessary or reasonable continuance." *Id*. The compact additionally provides that the time to be tolled "whenever and for as long as the prisoner is unable to stand trial." *Id*; *see also* Section 217.490, Article VI (1).

A "state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." *Reed*, 512 U.S. at 352. To obtain habeas relief a petitioner must also make a separate showing that the Sixth Amendment speedy trial requirement has been violated. *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (question of whether state violated its own speedy trial statute is matter for state courts); *Cross v. Cunningham*, 87 F.3d 586, 588 (1st Cir. 1996) (denying the petitioner's allegation of an IAD violation because the petitioner's allegations had nothing to do with securing a fair trial and the petitioner made no claim that the alleged IAD violation actually impaired his ability to prepare a defense or to prosecute his appeal).

On direct appeal, the Missouri Court of Appeals carefully considered Johnson's IAD claim and concluded that the IAD was not violated. It calculated all the days involved and concluded that during the "delays caused by the defendant being unrepresented and unprepared for trial, and given the continuances granted at defense counsel's request or upon the State's request for good cause," the 120-day period had been tolled so that Johnson's trial started within the limits of the IAD. Resp. Exh. 8, ECF 8-8 at p. 8. The Missouri Court of Appeals did not discuss Johnson's federal constitutional claims at all. Its determination was therefore a determination only of state law. Johnson does not challenge any of the factual determinations made by the Court of Appeals, but he argues that the Court's analysis of the IAD is incorrect.

Although Johnson's brief to the Missouri Court of Appeals made the conclusory statement that "the court's error violated Mr. Johnson's rights to a speedy trial, freedom from cruel and unusual punishment and due process of law under the United States Constitution Fifth, Sixth and Fourteenth Amendments," the brief did not make any further arguments about any constitutional aspect of this claim. Resp. Exh. 5, ECF 8-5 at p. 23. Missouri Supreme Court Rule 84.04 requires an appellate brief to state the claims in the points relied on section, but '[p]oints that are not developed in the argument are deemed to be abandoned." *Wallace v. Frazier*, 546 S.W.3d 624 at 628 (Mo. Ct. App. 2018) (citing *Kim v.*

9

*Kim*, 431 S.W.3d 524 (Mo. Ct. App. 2014).  Johnson argues that the claim is not procedurally barred because the conclusory statement was repeated at the end of his appellate brief, but there was simply no argument presented to the Missouri Court of Appeals on the constitutional claims.  I agree with the state that the claim is procedurally barred; Johnson has made no showing of cause or prejudice to excuse his default.

Even if the claim were not procedurally barred, however, I would deny it, because Johnson has not shown that the state court's decision was an unreasonable conclusion of federal law, nor has he shown any federal constitutional violation at all.  Sixth Amendment speedy trial claims are analyzed under the standards set out in *Barker v. Wingo*, 407 U.S. 514 (1972).  Those factors are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Taylor v. Roper*, 561 F.3d 859, 863 (8th Cir. 2009) (quoting *Barker*, 407 U.S. at 529); *see also United States v. Sims*, 847 F.3d 630, 634 (8th Cir. 2017).  Although the Missouri Court of Appeals did not discuss this claim in the context of a *Barker v. Wingo* claim, it discussed facts relevant to the *Barker* analysis when it denied the IAD claim.  It found that the delay was not inordinate under the circumstances and that that delays starting trial were attributable to both the defendant and the government.  It also noted that although Johnson had initially asserted his IAD rights when he was still in Illinois prison, he never advised his

10

Missouri appointed counsel of that fact and he appeared at trial without raising any objection to proceeding at that time. Resp. Exh. 8, ECF 8-8 at p. 8. As stated above, he has not even argued that any of the factual determinations made by the Missouri Court of Appeals regarding the reasons for the delays were an unreasonable determination of the facts. He agrees that some of the delays were attributable to his not being prepared to go to trial, at times because he was not represented and at other times because his counsel requested continuances. He has made no arguments that any of the state-court's conclusions of law were an unreasonable application of clearly established federal law.

Most significantly, Johnson has made no attempt to show that he suffered any prejudice from the alleged delay. His supplemental traverse argues that a showing of prejudice should not be required. ECF 18 at p. 4. Johnson and the state agree that the trial began approximately eleven months after he arrived in Missouri.[3] He has failed to show any prejudice from the delay. *See Taylor,* 561 F.3d at 863 (failure to show prejudice defeats speedy trial habeas claim); *see also United States v. Sims*, 847 F.3d 630, 636 (8th Cir. 2017) (defendant showed no prejudice from delay caused by government's interlocutory appeal).

---

[3] Although the record is somewhat unclear, the parties agree that Johnson arrived in Missouri around August 2, 2013 and that trial began September 2, 2014. Resp. Exh. 8, ECF 8-8 at p. 4, 8.

11

Although I conclude that this claim is procedurally barred because Johnson did not raise any federal claims before the Missouri courts, I conclude that it also fails on the merits as Johnson has shown no prejudice from his trial beginning less than a year after he was transferred to Missouri.

**Ground Two: Ineffective Assistance of Counsel**

Johnson alleges that his trial counsel was ineffective for not objecting to the prosecutor's sentencing argument that the judge should consider that someone died in the crime, despite the jury acquitting Johnson of felony murder. Johnson raised this issue in his post-conviction motion and again on appeal, and both courts denied it on the merits. Therefore, I may consider the merits of this claim, exercising the limited and deferential review of the underlying state-court decision as required by the AEDPA.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be entitled to federal habeas relief on his claim of ineffective assistance of counsel, Johnson must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Id.* A habeas petitioner must satisfy both components of the *Strickland* test. Accordingly, if Johnson makes an "insufficient showing" on one component, I am not required to address the other. *Id.* at 697.

In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Johnson bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In addition, a presumption exists that counsel's conduct "might be considered sound trial strategy." *Id.* at 688. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Id.* at 690-91. To establish prejudice, Johnson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Johnson argues, as he did before the state courts, that counsel should have objected to the State's argument that the sentencing judge should consider the death of his accomplice Jerome Burse, even though the jury acquitted Johnson of felony murder. Johnson asserted that, if counsel had objected to these allegedly improper sentencing considerations, there is a reasonable probability he would have received a lesser sentence. The motion court denied this point, stating that because of "the egregious nature of the offenses and the jury's verdicts in this matter, any objection on behalf of [Mr. Johnson] would not have mattered in the

sentencing hearing." Resp. Exh. 11, ECF 8-11 at 65-75. The judge presiding over the post-conviction motion was the same judge who presided over the trial and sentencing. The Missouri Court of Appeals found the claim to be without merit, noting that under Missouri law a sentencing court may consider acquitted conduct if that conduct has been proved by a preponderance of the evidence. *Johnson v. State*, 552 S.W.3d at 773-74. It then concluded, as had the motion court, that it was appropriate for the court to consider that Burse had died as a result of the armed robbery and so any objection would have been fruitless. *Id*., 552 S.W.3d at 768.

The conclusions of the motion court and the Missouri Court of Appeals that Johnson did not receive ineffective assistance of counsel based on the failure to make a specific objection were not contrary to or an unreasonable application of federal law. The Missouri appellate court considered, consistent with *Strickland,* 466 U.S. at 688, 694, that Johnson was required to establish both that counsel's performance was unreasonable and that he suffered resulting prejudice. Also, consistent with federal law, the Missouri appellate court correctly considered that, had defense counsel objected to the allegedly objectionable testimony, the objection would have been overruled, so Johnson could not establish prejudice resulting from counsel's alleged ineffectiveness. *See Thai v. Mapes,* 412 F.3d 970, 979 (8th Cir. 2005) (because the "argument was factually meritless, his counsel

14

was not ineffective for failing to make this argument, and his counsel's trial strategy cannot be challenged on the basis of a meritless claim."); *Holloway v. United States,* 960 F.2d 1348, 1356 (8th Cir.1992) (holding that there can be no prejudice where counsel fails to raise a non-meritorious issue). The claim of ineffective assistance of counsel at sentencing will be denied.

**Ground Three: Improper Sentencing**

In his last ground Johnson makes an argument related to that discussed above, this time arguing that the sentencing court plainly erred in sentencing him to fifteen years above the state's recommendation, and it did this because the prosecutor argued that the crime was particularly serious because someone died.[4] Respondent argues that this trial error claim should have been raised on direct appeal. Johnson raised it only in his post-conviction motion and the Missouri Court of Appeals rejected it as having been waived. 552 S.W.3d at 777. Under Missouri law "Issues that could have been raised on direct appeal—even if constitutional claims—may not be raised in postconviction motions, except where fundamental fairness requires and only in rare and exceptional circumstances." *Glaviano v. State*, 298 S.W.3d 112, 114 (Mo. Ct. App. 2009).

---

[4] This claim also has only a passing reference to a federal constitutional violation. Johnson's petition ends by saying "The motion court's error denied Petitioner's rights to trial by jury, a jury's determination of the facts supporting all charges beyond a reasonable doubt, protection against double jeopardy, due process and fundamental fairness in violation of the 5th 6th and 14th Amendments to the United States Constitution." ECF 1-1 at p. 3.

Even if this is a federal claim cognizable on habeas review, it is procedurally barred. The Missouri Court of Appeals rejected the claim based on an adequate and independent state court procedural rule, which this court must follow. *See Coleman v. Thompson,* 501 U.S. at 729. And in any event, Johnson has not appropriately raised this as a federal claim, nor did he do so in the state courts. A state prisoner seeking federal habeas relief must first exhaust the remedies available in the courts of the state, thereby affording those courts the first opportunity to address and correct alleged violations of the prisoner's federal rights. *Id.,* at 731. Failure to present these claims to the state court results in a default.

Johnson does not attempt to show cause and prejudice to excuse his default. Instead he argues that this court should consider the issue in the interest of fundamental fairness. Johnson argues that because his trial counsel did not object during sentencing, the issue was not preserved for direct appeal, and thus he could not have successfully raised it. The Court of Appeals rejected this argument, however, reasoning that even though the issue was not preserved by an objection at trial, Johnson's claim of sentencing abuse could have been raised through plain-

16

error review on direct appeal.[5]  Johnson has not presented any reason why he could not have sought plain-error review.  This claim is procedurally barred.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order denying habeas relief in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  28 U.S.C. § 2253(c)(2).  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997).  I find that reasonable jurists could not differ on Johnson's claims, so I will deny a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the amended petition of Antwane N. Johnson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

---

[5] Although plain error review would not save the claim from being procedurally barred on habeas review, *see Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015), seeking it would have given the Missouri courts a chance to consider the issue.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

An appropriate judgment denying the writ of habeas corpus is issued this same date.

                                                               _____
                                                               CATHERINE D. PERRY
                                                               UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2020.